UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMON C. NAGO

**19 CV 11483**

Write the full name of each plaintiff.

___CV_____
(Include case number if one has been assigned)

-against-

BLOOMBERG L.P.

Do you want a jury trial?
☒ Yes   ☐ No

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 3/24/17

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Damon | C. | Nago |
|---|---|---|
| First Name | Middle Initial | Last Name |

117 Elmwood Road
_Street Address_

| Essex, Verona | NJ | 07044 |
|---|---|---|
| County, City | State | Zip Code |

| (862)596-2741 | damonnago@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:  Bloomberg L.P.
_Name_

731 Lexington Avenue
_Address where defendant may be served_

| New York, New York | NY | 10022 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:  _____
_Name_

_____
_Address where defendant may be served_

| | | |
|---|---|---|
| County, City | State | Zip Code |

Page 2

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City          State          Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

**Bloomberg L.P.**
Name

**731 Lexington Avenue**
Address

**New York, New York**     **NY**          **10022**
County, City              State         Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

   The defendant discriminated against me because of my (check only those that apply and explain):

   ☒ race:          African-American

   ☒ color:         Black

   ☐ religion:      _____

   ☐ sex:           _____

   ☐ national origin: _____

- ☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

- ☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

- ☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

- ☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

- ☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

### B. Other Claims

In addition to my federal claims listed above, I assert claims under:

- ☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

- ☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

- ☐ Other (may include other relevant federal, state, city, or county law):

    _____

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☒ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☒ retaliated against me
- ☒ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

SEE ATTACHMENTS: Appendix B (Facts)

U.S. EEOC Notice of Right to Sue

Appendix C (EEOC Charge No. 520-2019-04885)

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

- ☒ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge?  **July 19, 2019**

- ☐ No

Have you received a Notice of Right to Sue from the EEOC?

- ☒ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice?  **October 10, 2019**

    When did you receive the Notice?  **October 11, 2019**

- ☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

- ☐ direct the defendant to hire me
- ☐ direct the defendant to re-employ me
- ☐ direct the defendant to promote me
- ☐ direct the defendant to reasonably accommodate my religion
- ☐ direct the defendant to reasonably accommodate my disability
- ☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)
  pay money damages to PLAINTIFF in the amount of at least US$1,900,000.00 representing unpaid salary and bonuses that would have already accrued and would accrue to PLAINTIFF in the future after thirteen years of employment if DEFENDANT had not engaged in discriminatory practices and plaintiff's pain and suffering. Additionally, please order the defendant to reimburse plaintiff for legal expenses related to this claim.

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| December 9, 2019 | | |
|---|---|---|
| Dated | | Plaintiff's Signature |
| Damon | C. | Nago |
| First Name | Middle Initial | Last Name |
| 117 Elmwood Road | | |
| Street Address | | |
| Essex, Verona | NJ | 07044 |
| County, City | State | Zip Code |
| (862)596-2741 | | damonnago@gmail.com |
| Telephone Number | | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**Appendix B: Facts**

1. The PLAINTIFF was hired by the DEFENDANT in April 2006 to work in the Trading Solutions division of its Enterprise Sales Department to advance its SSEOMS software service business. PLAINTIFF has been continuously employed by the defendant since this date and continues to be employed as of the date of filing of this complaint.

2. PLAINTIFF is a graduate of Princeton University, indisputably one of the best regarded and most selective universities in the world. Prior to accepting employment from the defendant, plaintiff worked for close to a decade at Merrill Lynch & Co. as a trader and sales trader- two professional roles in equity capital markets that consume software the plaintiff was hired by defendant to promote. In other words, plaintiff possessed significant, relevant prior industry experience and a track record of success when hired. The qualifications which plaintiff possesses had and continue to have objective value in the world which has never been recognized by the defendant after plaintiff was hired.

3. Between 2006 and 2014, PLAINTIFF applied for promotion to Team Leader in the Trading Solutions division within the Enterprise Sales Department of BLOOMBERG L.P. **four** times. Team Leader is the first and lowest level of manager at Bloomberg L.P. In the Team Leader position, one becomes responsible for evaluating, ranking and influencing compensation, hiring and termination of team members. On two of these four occasions, the PLAINTIFF was encouraged to apply for the role of Team Leader.

4. The DEFENDANT failed to select PLAINTIFF for the position of Team Leader on **all four** occasions. On each occasion, a white male was selected for the position of Team Leader. On **three of the four** occasions, a white male of Italian-American heritage was selected as Team Leader (David Frisone, Jeremy Papa, and Robert Lidondici) by an Italian-American sales manager, Michael Cioffi.

5. On information and belief, none of the four aforementioned Team Leader selectees possessed objective qualifications which explain why they were selected instead of the plaintiff.

6. On information and belief, the DEFENDANT does not and did not possess any documented policy concerning internal promotion in which criteria, factors and process used to determine internal promotion are documented and exposed to employees.

7. Team Leaders and higher level managers at Bloomberg are overwhelmingly White/Caucasian in the Enterprise Sales department where plaintiff worked.

8. African-American men are almost never promoted to Team Leader or higher managerial positions in the Enterprise Sales department of Bloomberg L.P.  The PLAINTIFF is an African-American man.

9. On July 22, 2014, PLAINTIFF submitted a formal complaint to the Human Resources Department of Bloomberg L.P. (SDSK 45256216) alleging that he had suffered discrimination and alleging the existence of systemic discrimination in the workplace.  The plaintiff's 2014 complaint included a detailed exposition in support of his claim.

10. The DEFENDANT, via Colin Steele and Danielle Harris of the BLOOMBERG L.P. HR Department, interviewed the PLAINTIFF about his claim once on July 29, 2014. On September 8, 2014 Regina Simone Meehan from the HR Department of BOOMBERG L.P. informed the PLAINTIFF that his racial discrimination complaint had been investigated and that no irregularities had been found. The PLAINTIFF asked for but was not given any explanation or information about how his complaint had been investigated. The PLAINTIFF was not provided any written documentation about the nature of the investigation or outcome of his complaint.

11. Bias, nepotism, and persistent gender and racial pay gaps are demonstrable facts of life which exist objectively and, on information and belief, a racial pay gap exists for African-Americans at Bloomberg L.P.

12. On March 28, 2019 the PLAINTIFF was invited to a lunch with Ian Yeulett, the Global Head of the Enterprise Sales Department, along with seven other African-American employees. This lunch was arranged by Alyssa Lewis Matabeek on behalf of the Black Professional Community (a sanctioned Employee Community at BLOOMBERG L.P.).

13. The lunch took place on May 1, 2019. At the lunch, the same complaints the PLAINTIFF alleged in 2014 were asserted again by the PLAINTIFF and corroborated by everyone at the lunch. In summary, those complaints were (1) that African-Americans are rarely promoted in the Enterprise Sales department and (2) that the promotion process is biased.

14. PLAINTIFF can provide witness statements and evidence in support of asserted facts.

15. On May 30, 2019 PLAINTIFF was informed by Harold (Hank) Anderson, his sales manager, that his job performance was not up to standard and plaintiff was encouraged to look for another job.

16. On June 20, 2019 PLAINTIFF applied for an open position at BLOOMBERG L.P. in the Vendor Information Risk Management group (Job Req. No 75643). PLAINTIFF, despite being an employee in good standing for 13 years, was not even offered an interview for that open position.

17. On July 3, 2019 Hank Anderson informed PLAINTIFF that he would be placed on a formal Performance Improvement Plan (PIP), a precursor to termination.

18. On July 19, 2019 PLAINTIFF filed a complaint with the U.S. EEOC (Charge No. 520-2019-04885).

19. On August 5, 2019 PLAINTIFF received his first and only negative Performance Evaluation in more than thirteen years of employment and was placed on a PIP. Plaintiff asserts that these recent actions by the DEFENDANT reflect retaliation for speaking up at the May 2019 lunch, a continuing pattern of discrimination, and a hostile work environment.

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Damon C. Nago<br>117 Elmwood Road<br>Verona, NJ 07044 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2019-04885 | Orfelino Genao,<br>Investigator | (929) 506-5335 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*     10-10-2019

Enclosures(s)            Kevin J. Berry,<br>District Director      *(Date Mailed)*

cc:

BLOOMBERG LP
731 Lexington Ave
New York, NY 10022

# APPENDIX C

## EEOC Charge No. 520-2019-04885

In 2014, I filed a complaint with HR after I had 3 times applied for a Team Leader position in the Sellside Equity Order Management Systems (SSEOMS) group in which I worked at that time and had 3 times seen the position given to Italian-American men (Jeremy Papa, David Frisone and Robert Lidondici) by an Italian-American hiring manager- Mike Cioffi.

HR dismissed my complaint- finding no cause- after some sort of investigation about which they revealed nothing.

On May 1, 2019 I attended an invitation-only lunch with Ian Yeulett, Global Head of Sales for Bloomberg and seven other African-American employees with at least 10 years at the company. The event was engineered by the Black Professional Community. During that lunch, all eight African Americans in that room complained that the company unfairly discriminates and provides no transparency in the internal promotion process. Two of the eight African Americans in the room that day are no longer with the company- Alyssa Lewis Matabeek and Shanique Holmes. And I was recently told by Hank Anderson to look for another job and to expect to be put on a Performance Improvement Plan. It feels like retaliation for speaking up during that lunch.

Damon C. Nago
117 Elmwood Road
Verona, NJ 07044


Mr. Jeffrey Burstein, Attorney at Law, New York District
U.S. Equal Employment Opportunity Commission
33 Whitehall Street, 5th Floor
New York, NY 10004

October 10, 2019


Dear Mr. Burstein,


There is ongoing **systemic discrimination** against all African Americans and African American men especially at Bloomberg LP.

Over a 13 year period of employment in the Sales Department of Bloomberg LP, I personally have been disadvantaged and I continue to be disadvantaged because of the combination of my ethnicity, color and gender, as it relates to opportunity for **job assignments, promotion and compensation**. More importantly, all African American men **will continue to suffer** disadvantages until either, **unconscious bias** ceases to exist or, the common biases toward African Americans and African characteristics change to be more favorable to African American men.

It is widely recognized and universally accepted among experts on human behavior that ***unconscious bias exists in all people and is a key part of everyone's decision making***. There is a wealth of literature on this topic. This phenomenon explains not only discrimination against any group of people, but also nepotism and cronyism- two terms that essentially add up to what is commonly known as "networking".[1]

Unconscious bias is unchecked at Bloomberg; and it influences outcomes concerning personnel assignment, advancement, and compensation. As a result, ***the company does not advance African American employees, as a group, at the same rate as White employees for promotion to Team Leader and Sales Manager positions in the Sale Department.*** This leads to lower compensation over time and less opportunity to develop higher-value business experience for African American employees.

---

[1]

https://www.google.com/search?q=unconscious+bias&rlz=1C1SFXN_enUS499US509&oq=unconscious+bias&aqs=chrome..69i57.4213j0j7&sourceid=chrome&ie=UTF-8

https://www.amazon.com/Blindspot-Hidden-Biases-Good-People/dp/0345528433/ref=sr_1_1?keywords=blindspot&qid=1570713923&s=books&sr=1-1

The Bloomberg LP Management Committee and the Bloomberg Human Resources Department are guilty of **gross negligence** because they know unconscious bias is a real problem- as is evident from the HR course on unconscious bias they offer to some employees- but they do very little, if anything, to monitor for its impact or correct it.

If you were to investigate Bloomberg, I think you would find statistically significant differences in the percentage of African American men who obtain the positions of Team Leader or Sales Manager compared to the rate for white men or white women. You will also find that the speed at which these advanced positions are obtained (after 1 year of employment or after 10?) lags for African Americans as a group. These roles offer more compensation and more opportunity to grow a skill set that leads to higher income over the span of one's entire career.

I'd like this to change. At the very least, I would like a Right to Sue letter.

Because unconscious biases are unconscious- they can never be eradicated. This isn't just a problem at Bloomberg. All organizations of people have this problem. People, left on their own, will make biased decisions.  HR departments and senior management therefore need to develop protocols and procedures to monitor and correct for unconscious bias. If they don't, they are neglecting their responsibility to provide equal employment opportunity for me and for everyone.

Respectfully,

Damon C. Nago