Damon Nago
117 Elmwood Road,
Verona, NJ 07044
(862) 596-2741


April 21, 2021


*Via ECF*
Hon. Ona T. Wang
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 1007

      Re:   *Nago v. Bloomberg L.P.*, **U.S. District Court, Southern District of New York**
             **Case No.: 19-CV-11483-GBD-OTW**
             **LETTER MOTION TO SEAL**

Dear Judge Wang,

    You may remember that I filed the above matter *pro se* and appeared before you in court. The involved parties agreed to a settlement and the case was subsequently dismissed voluntarily. I am writing to seek your order to seal these case records for the following reasons.

    I wish the SDNY *pro se* clinic had made me aware that many third-party commercial services download court documents containing sensitive personal information (information provided solely for the purpose of participating in a vital government service) and publish this information on the internet. Internet search engines have powerful algorithms that are very adept at finding and presenting this information in search results.

    I was embarrassed to learn from someone I had just met that the top search result for my name is Case No.: 19-CV-11483-GBD-OTW. After contacting as many of the websites as I could, and Google Search multiple times, to request that the information be removed, this settled case is still the top search result when my name is searched on the internet at this time. Google requires a court order to remove the content and refers me to the website owners for redress. Some of the websites have flatly refused my request without a court order.

    Currently, it is common practice for potential employers, HR recruiters and hiring managers to perform internet searches on potential candidates to discover red flags that may eliminate individuals from employment consideration. Potential litigation is one such red flag that can be a decisive eliminatory factor when similarly qualified candidates are being compared. As such, I am arguing herein that I have an overriding interest

which is the protection of my ability to obtain employment and thereby earn a fair living. This overriding interest warrants an order to seal the records of this case.

While acknowledging the longstanding First Amendment protection of freedom of the press which I believe underpins the precedent and practice of making civil court records available to the public, I would like to point out that technological changes- namely the internet and internet search algorithms- give nearly instant, easy access to anyone, absent of any legitimate or journalistic interest, to sensitive personal information in unsealed court records. I argue that currently there is no party with any journalistic or legitimate interest in this settled case who would object to the sealing of these records. If such party should materialize in the future, they may petition the court to have these records unsealed.

I would also like the court to consider that The Privacy Act of 1974 stipulates the following.

"No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains [subject to 12 exceptions]." 5 U.S.C. § 552a(b).

After reviewing the twelve exceptions, I am respectfully arguing that, unless disclosure to anyone with access to an internet browser without any legitimate or journalistic interest is deemed to be compatible with the purpose for which the court collected the information in this case, my personal information in the matter of 19-CV-11483-GBD-OTW is protected by The Privacy Act of 1974 and should not be disclosed to third-parties.

In closing, Your Honor, I respectfully ask that you consider my arguments herein and, if it pleases the court, issue an order to seal the records of 19-CV-11483-GBD-OTW.

Respectfully submitted,

*[signature]*

Damon Carlyle Nago


CC:   David W. Garland
      Epstein Becker Green
      875 Third Avenue
      New York, NY 10022
      (212) 351-4708
      dgarland@ebglaw.com