UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DAMON C. NAGO,

                  Plaintiff,                No. 19-CV-11483 (GBD)(OTW)

       -against-                     **ORDER**

BLOOMBERG L.P.,

                  Defendant.
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

On April 21, 2021, Plaintiff Damon C. Nago, proceeding *pro se*, submitted a letter motion requesting "an order to seal the records" of this case, which had been settled and then voluntarily dismissed on November 5, 2020. (ECF 49). Plaintiff expressed feelings of embarrassment and concerns regarding future employment related to the fact that his case information and documents are publicly accessible. (*Id.*). While the Court understands Plaintiff's concerns, Plaintiff has not overcome the strong presumption of public access to judicial documents. As a result, Plaintiff's motions to seal the case records is **DENIED**.

## DISCUSSION

### I. Legal Standard

There is a presumption of public access to judicial documents, and it is only after balancing competing interests that a court may take the step of limiting such access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). This presumption is "based on the need for federal courts . . . to have a measure of accountability and for the public

to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Thus, "motions to seal documents must be 'carefully and skeptically review[ed] . . . to ensure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)). The burden of justifying sealing rests with the moving party, *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997), although a *pro se* party's filings will be construed liberally, *Doe v. Berg*, No. 15-CV-9787 (RJS), 2016 WL 11597923, at *1-2 (S.D.N.Y. Feb. 10, 2016).

Pursuant to Second Circuit precedent, the Court evaluates a motion to seal using a "three-step inquiry." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). The Court first determines whether the documents are judicial documents that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 115, 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, the Court determines the weight of the presumption of access to the judicial documents at issue, as well as the public's First Amendment right to access the documents. *Id*. at 119–20. Third, the Court assesses whether there are countervailing concerns that weigh against full public access to the documents. *Id*. at 120. Such countervailing concerns may include the public's safety, law enforcement interests, preservation of attorney-client privilege, or privacy interests of third parties. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (collecting cases); *E.E.O.C. v. Kelley Dryer & Warren LLP*, No. 10-CV-655 (LTS)(MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (same).

II. **Analysis**

Even construing Plaintiff's *pro se* submissions liberally, the Court finds that Plaintiff has not met his burden of justifying sealing the case records. Step one of the Second Circuit's test is easily satisfied: sealing the case file would result in sealing numerous judicial documents, including pleadings, that are both "relevant to the performance of the judicial function and useful in the judicial process." *Amodeo*, 44 F.3d at 145. The fact that this case has settled does not change the analysis. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) ("[P]leadings—even in settled cases—are [j]udicial records subject to a presumption of public access.").

As to step two, because Plaintiff seeks to shield all case records from the public eye, the presumption of public access has "extraordinarily substantial weight." *Zabolotsky v. Experian*, No. 19-CV-11832 (GHW), 2021 WL 106416, at *2 (S.D.N.Y. Jan. 12, 2021). The "need for the public to be able to evaluate a case does not dissipate once the case is over," and the public simply "cannot evaluate a case that is sealed in its entirety." *Id.*; *see Berg*, 2016 WL 11597923, at *1–2 ("A Court may only permit the sealing of an entire case file as a last resort.") (internal quotations omitted).

Lastly, while the Court understands Plaintiff's desire to seal case records due to social embarrassment and concerns regarding future employment, these justifications are legally insufficient.[1] This Court has repeatedly held that "[t]he potential for a negative impact on a

---

[1] Even if the Court granted Plaintiff's motion to seal the case records, the case name and existence of the litigation would still be public.

party's future business or social status does not outweigh the presumption of access." *Saadeh v. Kagan*, No. 20-CV-1945, *2 (PAE)(SN), 2021 WL 965334 (S.D.N.Y. Mar. 15, 2021) (refusing to seal complaint and collecting cases); *see, e.g.*, *Zabolotsky*, 2021 WL 106416, at *3 (denying motion to seal case file "for the sake of [plaintiff's] livelihood and professional and personal reputation" because "[i]t is well-settled that neither generalized concerns of adverse publicity nor the possibility of future adverse impact on employment outweigh the presumption of public access") (internal quotations omitted); *Badinelli v. Tuxedo Club*, No. 15-CV-06273 (VB), 2018 WL 6411275, at *2 (S.D.N.Y. Dec. 6, 2018) (refusing to seal case records, finding plaintiff's "interest in privacy, professional reputation, and earning capacity" did not "outweigh the interest in public access to the record"); *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467–68 (S.D.N.Y. 2017)) (lifting seal and emphasizing that "[a] possibility of future adverse impact on employment or the celebrity status of a party is not a higher value sufficient to overcome the presumption of access to judicial documents") (internal quotations omitted).

## CONCLUSION

For the foregoing reasons, Plaintiff's letter motion to seal the case records is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
     April 30, 2021

    *s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge